UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PLATTE, JR.,

    Plaintiff,

v.                                                                                          Case No. 23-cv-10640

SUSAN I. DEFEYTER, et al.,                                              HON. MARK A. GOLDSMITH

    Defendants.
_____/

## OPINION & ORDER OF SUMMARY DISMISSAL

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff James Platte, Jr. is incarcerated at the Baraga Correctional Facility in Baraga, Michigan. The Michigan Department of Corrections (MDOC) collects funds from Platte to pay his debts for victim restitution and court costs and fees as ordered by the Otsego County Circuit Court. Platte alleges that the manner in which Defendants Otsego County, County Clerk Susan I. DeFeyter, and Deputy County Clerk LeeAnn Anderson distributed the MDOC-collected funds to repay his court debts violates his Fourteenth Amendment due process rights. He seeks money damages and certification of a class action.

For the reasons that follow, the Court summarily dismisses the complaint.

## I. BACKGROUND

Beginning in 1999, when Platte was sentenced to the MDOC, the Otsego County Court ordered him to pay victim restitution in the amount of $2,453.50. Compl. at PageID.4 (Dkt. 1). The MDOC collected funds from Platte in accordance with state law. Id. The funds collected were transmitted to the Otsego County Clerk's office over several years until February 2008, when the victim restitution debt was satisfied in the 1999 case. Id. at PageID.5–6.

Neither the Otsego County courts, nor the county clerk's office, informed the MDOC that the debt was satisfied, and the MDOC continued to collect funds, exceeding the amount of the 1999 debt. Id. at PageID.6. Although the funds were expressly designated for application to the 1999 case, Defendant County Clerk DeFeyter applied the overpayment to a debt Platte owed for court costs in a 2007 case. Id. at PageID.7. Defendant Deputy Clerk Anderson also applied a later overpayment to the 2007 case. Id. at PageID.8. Neither Defendant notified Platte or the MDOC of the overpayments or their application to a different case. Id. at PageID.8–9.

DeFeyter and Anderson processed similar overpayments through 2022, and at a certain point, applied them to debts associated with a third case against Platte, from 2009. Id. at PageID.9. Again, Anderson failed to notify Platte or the MDOC, and she did not return the overpaid funds. Id. at PageID.10–11.

Platte alleges that Defendants' actions deprived him of property in violation of his due process rights. Id. at PageID.12. Platte's complaint quotes Anderson as saying, "[a]ny money we get from the prison, we see if any other case has money ow[]ing [and] apply to those cases." Id. at PageID.8. He characterizes this statement as a policy or custom "prevailing within the Clerk's Office . . ." and corresponding to the "motives of Defendant DeFeyter . . . ." Id. at PageID.8, 13.

Platte further submits that Defendants' actions violated MDOC policy, which limits payments of certain orders until funds are collected in full or on his release or death. Id. at PageID.8. In addition to Defendants DeFeyter and Anderson, Platte is suing Otsego County because the County Clerk's Office is an arm of the county. Id. at PageID.3. He notes that, pursuant to state law, Otsego County has delegated the authority to process the collection of criminal payments to the County Clerk. Id. at PageID.13.

2

Platte seeks reimbursement of the overpayments, as well as interest and punitive and exemplary damages. Id. at PageID.15. He also requests appointment of counsel and class certification. Id. at PageID.16.

## II. ANALYSIS

Platte has been granted leave to proceed without prepaying the filing fee for this action due to his indigence (Dkt. 5). Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss sua sponte an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b) (requiring dismissal of complaints against government entities on similar grounds). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520–521 (1972).

### A. Platte's Claims Against Defendants DeFeyter and Anderson

Defendants Otsego County Clerk DeFeyter and Deputy County Clerk Anderson should be dismissed because judicial immunity extends to them both. "Judges generally speaking have broad immunity from being sued." Norfleet v. Renner, 924 F.3d 317, 319 (6th Cir. 2019) (citing Mireles v. Waco, 502 U.S. 9, 9, (1991) (per curiam)). But judicial "immunity is not limited to judges alone. It protects in equal measure officers who perform judicial duties, such as officers who issue

3

arrest warrants." Id. (citing Foster v. Walsh, 864 F.2d 416, 417–18 (6th Cir. 1988) (per curium)). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994); see also Huffer v. Bogen, 503 F. App'x 455, 461 (6th Cir. 2012) (citing Johnson v. Turner, 125 F.3d 324, 333 (6th Cir.1997) ("One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected.")).

Quasi-judicial immunity applies to court clerks. Huffer, 503 F. App'x at 461 (citing Foster, 864 F.2d at 417). The Sixth Circuit has specifically held that a court clerk, among other court officials, was protected by absolute judicial immunity for enforcing an order of the court because that action "is intrinsically associated with the judicial process." Johns v. Bonnyman, 109 F. App'x 19, 21 (6th Cir. 2004) (citing Bush, 38 F.3d at 847).

Here, Defendants DeFeyter and Anderson applied MDOC-collected funds to Platte's debts. And as Platte acknowledges, these debts are the result of court orders in various cases. Compl. at PageID.4–5. DeFeyter and Anderson are thus enforcing Otsego County Circuit Court orders. They are immune from suit.

### B. Platte's Claim Against Otsego County

To state a claim under § 1983, a plaintiff must "allege that the defendants were personally involved in the alleged deprivation of federal rights." Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (citing Hall v. United States, 704 F.2d 246, 251 (6th Cir.1983)). A municipal entity, such as a county, "may not be sued for injuries inflicted solely by its employees or agents under § 1983." Baynes v. Cleland, 799 F.3d 600, 620 (6th Cir. 2015) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). To establish the liability of such an entity under § 1983,

4

"a plaintiff must show: (1) a deprivation of a constitutional right; and (2) that the municipal entity is responsible for that deprivation." Id. (citing Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ., 103 F.3d 495, 505–506 (6th Cir. 1996)).

A unit of local government "violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights." Id. (quoting Gregory v. City of Louisville, 444 F.3d 725, 752-53 (6th Cir. 2006)). A plaintiff may establish an unconstitutional policy or custom by identifying, inter alia, "actions taken by officials with final decision-making authority" or "a custom of tolerance of acquiescence of federal violations." Id. at 621 (citing Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005)).

Platte fails to state a claim against Otsego County for two reasons. First, he has not established that Defendants DeFeyter and Anderson's conduct was unconstitutional, only that it violated MDOC policies, such as the requirement that a sum should be collected in full before court-ordered costs are paid. Compl. at PageID.8. The "[v]iolation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983." Mikel v. Quin, 58 F.4th 252, 262 (6th Cir. 2023) (quoting Stanley v. Vining, 602 F.3d 767, 769 (6th Cir. 2010)).

Second, Platte's sole assertion of the existence of a policy is a quote from Defendant Anderson, a deputy clerk. Compl. at PageID.8. Platte fails to connect this policy or custom to Defendant DeFeyter by anything other than conclusory statements unsupported by factual allegations. See id. at PageID.8, 14.

Accordingly, Platte has failed to state a claim against Otsego County because he has not established the existence of an unconstitutional policy that caused him injury and he has not properly attributed such policy to the county.

5

### C. Platte's Alleged Deprivation of Property

Next, Platte has failed to state a claim because he has not established an actual deprivation of property in violation of his constitutional rights. Platte does not dispute his various debts. Nor does he allege that more money has been collected from him than the sum of his court-ordered debts. Instead, Platte's alleged injury, the funds of which he was deprived, is the amount collected and forwarded by the MDOC to Otsego County in excess of each individual debt. Id. at PageID.9.

Platte has not been deprived of any funds for which he was denied due process, as he would have received when the debts were imposed when he was sentenced in each case. At most, Platte posits only the possibility of an actual overpayment that could occur because of the lack of communication between Defendants or the Otsego County Circuit Court and the MDOC. See id. at PageID.11 (asserting that the MDOC's continued collection of a debt that "if not corrected ahead of time, is likely to result in further overpayment, and injury to Plaintiff") (emphasis in original).

The conduct that Platte alleges violates his due process rights is Defendants' payment of his other court-ordered debts through those "overpaid" individual debts. See id. at PageID.13–14. (alleging that Defendants took funds intended for the satisfied victim restitution order and applied them to "court ordered fees and costs debt[s]"). Because Platte has not established an actual deprivation of property in excess of this court-ordered debt, he has not established a claim upon which relief may be granted.

### D. Platte's Recourse through State Post-Deprivation Remedies

Finally, Platte's due process claim is barred by Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). Under Parratt, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. 451 U.S. at

6

541. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." Id. at 537. This rule has been extended to intentional deprivations of property. Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir. 1995) (citing Hudson v. Palmer, 468 U.S. 517, 533-36 (1984)).

Here, Platte is not challenging the collection of his funds under MDOC policies and procedures. Rather, he argues that Defendants have not complied with those state policies in their distribution of payments against his various debts. Because Platte's claims are premised upon allegedly intentional and unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. See Copeland, 57 F.3d at 479-80; Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir. 1993). A prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. See Brooks v. Dutton, 751 F.2d 197, 198–199 (6th Cir. 1985).

Platte has not alleged that state post-deprivation remedies are inadequate. The United States Court of Appeals for the Sixth Circuit has observed that Michigan law provides "several adequate post-deprivation remedies" to a prisoner asserting improper removal of money from his prison account. Copeland, 57 F.3d at 480. Indeed, in a number of cases similar to this one, the Sixth Circuit has affirmed dismissal where the inmate failed to allege or show that state law post-deprivation remedies were inadequate. Id. at 479–480 (affirming dismissal of plaintiff's claim that money was wrongly removed from his prison account); see also Mowatt v. Miller, No. 92-1204, 1993 WL 27460, at *1 (6th Cir. Feb. 5, 1993) (affirming dismissal of plaintiff's claim based on an alleged misapplication of money to a deficit in his prison account); Shabazz v. Lecureux, No. 85-2014, 1986 WL 16140, at *1 (6th Cir. Dec. 5, 1986) (affirming dismissal of plaintiff's claim based on alleged illegal appropriation of money from his prison account).

Numerous state post-deprivation remedies exist and are available to Platte. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. See MDOC Policy Directive 04.07.112, ¶ B (effective Apr. 26, 2021). Aggrieved prisoners may submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419(1); MDOC Policy Directive 03.02.131 (effective March 27, 2017). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). Platte has not alleged that he has attempted the most basic effort at a post-deprivation remedy: filing a grievance or otherwise informing the MDOC that some of his court debts were paid in full, or of the existence of purported overpayments or improper payments. As another court within this district has recently observed, "[w]here such post-deprivation procedures readily are available, the Fourteenth Amendment is no remedy for plaintiffs who made no effort to redeem the property through those avenues." Habich v. Wayne Cnty., No. 20-12528, 2022 WL 1569277, at *9 (E.D. Mich. May 18, 2022) (Lawson, J.), aff'd sub nom. Habich v. Wayne Cnty., Mich., No. 22-1517, 2023 WL 2911663 (6th Cir. Apr. 12, 2023).

Because Platte has not alleged that state remedies are unavailable to redress the alleged deprivation of his property, he has failed to support his assertion that Defendants violated his due process rights by their debt-repayment procedures. The complaint will be dismissed.

### E. Platte's Request for Appointment of Counsel and Class Certification

Finally, Platte requests the Court appoint counsel on his behalf and grant class certification to those individuals similarly situated. Compl. at PageID.16. Appointment of counsel is within the court's discretion. Glover v. Johnson, 75 F.3d 264, 268 (6th Cir. 1996). A court may "request

an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e), but is not required to appoint one. Further, the appointment of counsel in a prisoner civil-rights case is the exception, not the rule. It has been the general practice of courts in this district and the Sixth Circuit to appoint counsel only after the prisoner has survived dispositive motion practice. See, e.g., Anger v. Chung, No. 13-12143, 2014 WL 859717, at *12 (E.D. Mich. Mar. 5, 2014) (denying plaintiff's request for counsel before dispositive motion practice); Hudson v. Caruso, No. 1:10–cv–58, 2011 WL 1042296, *3 (W.D. Mich. Jan. 24, 2011) ("As a general rule, trial courts in the Sixth Circuit do not appoint lawyers for indigent pro se prisoners in civil rights cases and prisoner grievance-type cases unless extraordinary circumstances exist.").

As Platte's complaint does not survive screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and no extraordinary circumstances exist, the Court declines to appoint counsel at this time. The Court also declines to grant class certification, given that Plaintiff has failed to state a claim.

### III.  CONCLUSION

For the reasons set forth above, Defendants DeFeyter and Anderson are immune, and Platte has otherwise failed to state a claim for which relief may be granted. Accordingly, the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Platte's requests for appointment of counsel and class certification are denied.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. Leave to appeal in forma pauperis is denied. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:  June 26, 2023         s/Mark A. Goldsmith
    Detroit, Michigan         MARK A. GOLDSMITH
                                     United States District Judge